IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MANDI PALK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-0875 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Brown |
| | ) | JURY DEMAND |
| ELK VALLEY HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

**A.** **Jurisdiction**

Plaintiff asserts a federal claim pursuant to the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). Plaintiff also asserts a cause of action under the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1367. Jurisdiction and venue are not disputed.

**B.** **Service of Process**

Service of process is complete.

**C.** **Responsive Pleadings**

Defendant has filed an Answer. No pleadings, other than the Complaint, necessitating a response have been filed.

**D.** **Brief Theories of the Parties**

1. Plaintiff's Theory

Plaintiff asserts a claim pursuant to the Civil Rights Act of 1964, §701(k) as Amended, 42 USCA §2000e(k) by the Pregnancy Discrimination Act (hereinafter "PDA"). Plaintiff further

brings her cause of action under the Tennessee Human Rights Act, TCA §4-21-101 et. seq. (hereinafter "THRA") as a pendent cause of action to the Federal statute.

Plaintiff became employed by Elk Valley Health Services, Inc. as a home care nurse on or about June 30, 2008. From the time of her initial employment until her termination, Plaintiff, an LPN, was assigned by Defendant as a full-time nurse for a three-year-old little boy with a disability who resides with his parents in White County, Tennessee. Plaintiff enjoyed this job assignment and got along well with the little boy and his parents. Plaintiff became pregnant in February of 2009 and learned that she was pregnant in March of 2009.

Shortly after learning of her pregnancy, Plaintiff advised her supervisor about the pregnancy and her approximate due date. Plaintiff also discussed the need for a procedure for securing a temporary substitute while she took a short maternity leave. During the summer of 2009, Plaintiff reminded Defendant of the need for a substitute and provided the name of a qualified substitute to Defendant but this substitute was not contacted by Defendant.

On Monday, August 31, 2009, Plaintiff arrived at work and another health care provider was present. Plaintiff asked the Defendant why another worker was present and was originally told that the child's parents had requested that a new health care provider be furnished due to problems with Plaintiff. Another employee of Defendant told Plaintiff that this request could not be confirmed and the child's mother has refuted this pretextual reason for Plaintiff's replacement. Plaintiff asserts that the real reason for her removal from the home was unlawful pregnancy discrimination. Defendant now maintains that she was not terminated but Plaintiff was told by Defendant to contact unemployment compensation and was not given a new assignment.

Plaintiff seeks all damages available for the violation of the statutes sued upon.

2. Defendant's Theory

Defendant denies that it discriminated against Plaintiff based upon her pregnancy. Defendant removed Plaintiff from her assignment at the end of August 2009 because of concerns over the care provided by Plaintiff at that assignment. However, Plaintiff was not discharged at that point, but instead was told to contact her scheduler for a new assignment. Plaintiff did not do so.

**E.     Issues Resolved**

Jurisdiction and venue are not in dispute. No other issues have been resolved.

**F.     Initial Disclosures**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties will exchange their initial disclosures on or before December 20, 2010.

**G.     Discovery**

The parties shall complete all written discovery and depose all fact witnesses on or before July 1, 2011. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephone conference call with Judge Trauger.

**H.     Motions to Amend**

The parties shall file all motions to amend on or before April 1, 2011.

**I.     Disclosure of Experts**

Plaintiff shall disclose any experts in accordance with Rule 26 of the Federal Rules of Civil Procedure on or before April 29, 2011. Defendant shall disclose any experts on or before May 31, 2011.

**J.      Depositions of Expert Witnesses**

Depositions of experts will be completed by July 15, 2011.

**K.      Joint Mediation Report**

A joint mediation report shall be filed by the parties on or before April 1, 2011.

**L.      Dispositive Motions**

The parties shall file all dispositive motions on or before August 1, 2011. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

**M.      Electronic Discovery**

The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

**N.      Estimated Trial Time**

The parties expect the trial to last approximately three days.

**It is so ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY BY:


/s/ Stephen Crofford
Stephen Crofford (No. 12039)
Brenda Rhoton Clark (No. 10588)
1230 Second Avenue South
Nashville, Tennessee 37210
(615) 244-2445 (telephone)
(615) 255-6037 (fax)

*Attorneys for Mandi Palk*


/s/ J. Craig Oliver
Charles J. Mataya (No. 12710)
J. Craig Oliver (No. 16838)
BRADLEY ARANT BOULT CUMMINGS LLP
P.O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2310
Facsimile: (615) 252-6310

*Attorneys for Elk Valley Health Services, Inc.*